**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA ALLEN CROUD,<br><br>Defendant. | Crim. No. 18-116 (JRT/LIB)<br><br>**MEMORANDUM ORDER AND OPINION GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Sarah Weinman, **OFFICE OF THE FEDERAL DEFENDER,** 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for Plaintiff.

Deidre Y. Aanstad and Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis MN 55415, for Defendant.

Defendant Joshua Allen Croud is serving a 100-month sentence after pleading guilty to possession with intent to distribute methamphetamine. (Plea Agreement, Nov. 8, 2018, Docket No. 56.) Croud asks the Court to grant him compassionate release due to his medical conditions, including stage 3 chronic kidney disease, that require thorough medical treatment and put Croud at-risk for COVID-19 complications. (Mot. Compassionate Release, June 7, 2022, Docket No. 130; Def.'s Mem. Supp. Mot. Compassionate Release, Sept. 13, 2022, Docket No. 136.) Croud seeks a reduction of his prison sentence and replacement of it with a restrictive supervised release term of equivalent length. (Def.'s Mem. Supp. Mot. Compassionate Release at 6.) Because

Croud's stage 3 kidney diagnosis constitutes an "extraordinary and compelling" reason for early release under 18 U.S.C. § 3582(c)(1)(A)(i), the Court will grant Croud's motion.

## BACKGROUND

On November 8, 2018, Croud pleaded guilty to possession of methamphetamine with intent to distribute in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(2). (Plea Agreement at 1.) On September 9, 2019, the Court sentenced Croud to a 100-month term of imprisonment with the Federal Bureau of Prisons ("BOP"), followed by five years of supervised release. (Sentencing J. at 2–3, Sept. 10, 2019, Docket No. 106.)

Croud is 35 years old, and he is currently incarcerated at USP Hazelton. *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited October 20, 2022). His anticipated release date is January 27, 2025. (*Id.*)

When Croud was first sentenced, he suffered from no serious medical conditions. (Presentence Investigation Report ¶ 71, April 15, 2019, Docket No. 92.) However, his health has significantly worsened over the course of his incarceration. Croud was diagnosed with stage 3a chronic kidney disease in December 2021. (Def.'s Mem. Supp. Mot. Compassionate Release, Ex. A-8.) Chronic kidney disease is a condition in which the kidneys are damaged and cannot adequately filter blood.[1] Left untreated, the disease worsens over time and can progress to kidney failure and early cardiovascular disease.

---

[1] *Chronic Kidney Disease Basics*, Ctr. for Disease Control, https://www.cdc.gov/kidneydisease/basics.html (last visited Oct. 20, 2022).

-2-

(*Id.*)  Such kidney failure is called end-stage renal disease and must be treated with either dialysis or kidney transplant.  (*Id.*)  Chronic kidney disease is also among a list of conditions that increase the likelihood of severe complications from a COVID-19 infection.[2]  Croud has an extensive family history of chronic kidney disease and kidney failure.  (Def.'s Mem Supp. Mot. Compassionate Release, Ex. B-1.)  Croud's grandmother and uncle both passed away from kidney failure, and his aunt has been hospitalized multiple times for kidney disease.  (*Id.*)  During his time in custody, Croud has also suffered from spondylolisthesis, chronic microscopic hematuria, hypertension, anemia, gastroesophageal reflux disease, and he has a body-mass index above the normal range.  (*See generally* Def.'s Mem. Supp. Mot. Compassionate Release, Ex. A.)

Croud filed a request with the BOP for compassionate release based on his medical conditions in December 2021.  (*Id.*, Ex. I-1.)  Croud then filed this Motion for Compassionate Release with the Court on June 7, 2022.  (Mot. Compassionate Release.)  Croud argues that his medical conditions warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) and that the 18 U.S.C. § 3553(a) sentencing factors weigh in favor of his early release.  (Def.'s Mem. Supp. Mot. Compassionate Release)  The United States Opposes Croud's Motion, arguing that the § 3553(a) sentencing factors do not weigh in

---

[2] People with Certain Medical Conditions, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Oct. 19, 2022).

favor of Croud's release because he remains a danger to the community. (Pl.'s Resp. Opp. Mot. Compassionate Release at 1, Sept. 20, 2022, Docket No. 138.)

## DISCUSSION

The First Step Act, passed in December 2018, amended the procedure for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)). The law allows defendants, in addition to the BOP, to move for compassionate release after a defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request, whichever is earlier.[3] 18 U.S.C. § 3582(c)(1)(A).

The Court may modify a defendant's sentence after considering the "factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). After careful considerations of the record, the Court finds that Croud's health constitutes an extraordinary and compelling circumstance that warrants sentence reduction.

First, the Court concludes—and both parties agree—that Croud's declining health constitutes an extraordinary and compelling circumstance under 18 U.S.C. §

---

[3] Because the parties agree that Croud's present motion is ripe for adjudication, the Court will not address this requirement in detail. (*See* Def.'s Mem. Supp. Mot. Compassionate Release at 7; Pl.'s Resp. Opp. Mot. Compassionate Release at 5.)

3582(c)(1)(A)(i).  Though not dispositive, the Court may consider the United States Sentencing Guidelines' commentary to USSG § 1B1.13 in determining if extraordinary and compelling circumstances exist.  *See United States v. Crandall*, 25 F.4th 582, 584 (8th Cir. 2022).  The Sentencing Guidelines indicate that extraordinary and compelling reasons exist if a defendant is suffering from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13 cmt. n.1(A).

Here, Croud's chronic kidney disease constitutes extraordinary and compelling circumstances because he is unable to provide self-care within prison.  The record indicates that Croud did not suffer from chronic kidney disease prior to his incarceration, but now it has progressed to stage 3a.  Croud was put on medication for his disease, but he has been unable to see the kidney specialist required for proper treatment.  (Def.'s Mem. Supp. Mot. Compassionate Release, Ex. C (demonstrating Croud has waited over fourteen months for an ultrasound for his kidneys)).  Croud's unsuccessful requests for medical attention demonstrate he is unable to provide self-care for his chronic kidney disease "within the environment of a correctional facility."  U.S.S.G. § 1B1.13 cmt. n.1(A).  Moreover, the progression of his chronic kidney disease and his family history indicate

that, if left untreated, Croud's disease may likely progress and require dialysis or kidney transplant.[4]

Even if Croud's chronic kidney disease does not constitute an extraordinary and compelling circumstance on its own, it certainly does within the context of the COVID-19 pandemic and Croud's other medical ailments. When considering compassionate release motions in the context of the COVID-19 pandemic, courts require an inmate to show both a "particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility." *United States v. Miland*, No. 16–0159, 2020 WL 3249259, at *3 (D. Minn. June 16, 2020) (quoting *United States v. Feiling*, No. 3:19–112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020)); *United States v. Shamilov*, No. 19-238, 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020). Chronic kidney disease constitutes a particularized susceptibility to COVID-19. *See, e.g., United States v. Anderson*, No. 99-299(1), 2020 WL 6705694 (D. Minn. Nov. 13, 2020) (granting release to an inmate who suffered from stage 3 chronic kidney disease and other health conditions); *United States v. Walker*, No. 11-381, 2020 WL 4194677 (D. Minn. Jun. 26, 2020) (same). Moreover, Croud also suffers from hypertension, an above-normal body-mass index, and anemia, which are all associated with heightened COVID-19 complications.[5] Though the BOP is

---

[4] *See Chronic Kidney Disease Basics*, Centers for Disease Control and Prevention, https://www.cdc.gov/kidneydisease/basics.html (last visited Oct. 20, 2022).

[5] *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

taking many steps to protect inmates from COVID-19, Croud's medical history constitutes an extraordinary and compelling circumstance that warrants a prison sentence reduction.

Second, the 18 U.S.C. § 3553(a) sentencing factors also weigh in favor of Croud's early release. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors). When considering a motion for compassionate release, the Court considers, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to provide a just punishment for the offense, and the need to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a).

These § 3553(a) sentencing factors weigh in favor of Croud's compassionate release. Croud pleaded guilty to possession with intent to distribute methamphetamine—a nonviolent offense. He has completed over half of his sentence, and he has only one disciplinary infraction during that time. Though Croud has a criminal history, many of those crimes occurred when Croud was much younger, and they cannot outweigh Croud's current medical conditions. Moreover, Croud has taken steps to change his behavior while incarcerated. He completed the first phase of the Challenge Program, a drug education and behavioral change program, as well as an anger

---

conditions.html (indicating that having hypertension and having a body-mass index over 25 puts individuals at higher risk for getting very sick from COVID-19); Seung Mi Oh et. al., *On-Admission Anemia Predicts Mortality in COVID-10 Patients: A Single Center, Retrospective Cohort Study*, 48 Am. J. Emerg. Med. 140 (2021) (finding a correlation between anemia and all-cause mortality in patients hospitalized with COVID-19).

management course. Probation has already approved his aunt's residence for his supervised release, and the supervised release plan requires that Croud abstain from alcohol and bars, be subjected to drug treatment and testing, and maintain employment. (Compassionate Release Investig., July 29, 2022, Docket No. 133.)

The progress Croud has made during incarceration, coupled with the requirements set forth for his supervised release, warrant the readjustment of his sentence and will support his transition out of custody. The Court will convert his remaining term of incarceration (approximately 26 months) to a term of supervised release and combine it with his existing term of supervised release (5 years), for a total of 86 months' supervised release. Further, the Court makes clear its intent to find that any violation of the conditions of Croud's supervised release will be grounds for revocation of supervised release and return to prison.

## CONCLUSION

In sum, extraordinary and compelling reasons warrant a reduction of Croud's sentence, and such a reduction is consistent with the relevant sentencing factors and policy statements. The Court will therefore grant Croud's Motion.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release [Docket No. 130] is **GRANTED**. It is further ordered:

1. Defendant be released from the custody of the Bureau of Prisons immediately.

2. Defendant will begin an 86-month term of supervised release immediately, to be completed at 80 Beaulieu Street West, Motley, Minnesota 56466, under the supervision of the U.S. Probation Office.  The conditions of supervised release previously imposed are in effect for the entire period of supervised release.

3. Defendant shall report to the U.S. Probation Office in Minnesota within 24 hours of his release from Bureau of Prisons' custody.

DATED:  December 12, 2022
at Minneapolis, Minnesota.

                                      JOHN R. TUNHEIM
                              United States District Judge